UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MOHSEN SHAYANIFAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:12-cv-00249-JAW |
| | ) |
| NORTHEAST TECHNICAL INSTITUTE, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO DISMISS OR STAY AND COMPEL ARBITRATION**

**I.   STATEMENT OF FACTS**

   **A.   Procedural History**

On August 15, 2012, Mohsen Shayanifar, acting pro se, filed a complaint in this Court, alleging that Northeast Technical Institute (NTI) violated federal and state employment discrimination laws and breached their employment contract. *Compl.* (ECF No. 1).  On September 7, 2012, NTI moved to dismiss or stay Mr. Shayanifar's Complaint and to compel arbitration.  *Def.'s Mot. to Dismiss or Stay and Compel Arbitration* (ECF No. 8).  Mr. Shayanifar did not respond to NTI's motion.

   **B.   NTI's Motion**

In its Motion, NTI says that it provides short-term, comprehensive training programs in a number of careers, including truck driving.  *Id.* at 2.  NTI acknowledges that Mr. Shayanifar enrolled as a student at NTI's Scarborough campus in a four-week Class A Commercial Driver License (CDL) training program,

beginning March 8, 2012. *Id.* Upon enrollment, Mr. Shayanifar signed an Enrollment Agreement with NTI, which contains an arbitration provision:

> Any controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial (or other) Arbitration Rules (including the Consumer—Related Disputes Supplementary Procedure), and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. For more information on the arbitration please visit: http://www.adr.org/consumer-arbitration.

*Id.* NTI asserts that this language controls Mr. Shayanifar's participation in its CDL program and that the Court should either dismiss this lawsuit or stay it and should compel Mr. Shayanifar to submit to arbitration. *Id.* at 3-7.

## II. DISCUSSION

In general, agreements to arbitrate in contracts are enforceable under both federal and state law. 9 U.S.C. § 2; 14 M.R.S. § 5927. In fact, under both federal and state law, there is a liberal policy favoring arbitration agreements. *Perry v. Thomas*, 482 U.S. 483, 489 (1987); *Roosa v. Tillotson*, 1997 ME 121, ¶ 3, 695 A.2d 1196, 1197. Although Mr. Shanyanifar claims that NTI discriminated against him as an employee, it appears from the Enrollment Contract that Mr. Shanyanifar was a student, not an employee. *Def.'s Mot.* Attach. 2 (*Enrollment Agreement*). For purposes of NTI's motion, however, it does not matter. The First Circuit and the Maine Supreme Judicial court have held that employers and employees may agree to submit employment discrimination claims to arbitration. *Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino*, 640 F.3d 471, 476 (1st Cir. 2011); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 7-12 (1st Cir.

2

1999); *Gove v. Career Sys. Dev. Corp.*, 824 F. Supp. 2d 205, 209 n.2 (D. Me. 2011); *Barrett v. McDonald Invs., Inc.*, 2005 ME 43, ¶ 16, 870 A.2d 146, 149-51.

To this end, the courts have posed two questions to determine the enforceability of an arbitration clause: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute in question falls within the scope of the arbitration agreement.[1] *Combined Energies v. CCI, Inc.*, 514 F.3d 168, 171 (1st Cir. 2008); *V.I.P., Inc. v. First Tree Dev. Limited Liability Co.*, 2001 ME 73, ¶ 4, 770 A.2d 95, 96. Here, NTI has presented an Enrollment Agreement that purportedly contains Mr. Shayanifar's signature, *Enrollment Agreement* at 1, and the arbitration clause is sufficiently broad to capture Mr. Shayanifar's dispute with NTI.

Once these questions are answered in favor of the party seeking arbitration, federal law requires a court to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *KKW Enterprises, Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp.*, 184 F.3d 42, 50 (1st Cir. 1999) (quoting 9 U.S.C. § 4). There is an analogous state provision. 14 M.R.S. § 5928(1) ("[T]he court shall order the parties to proceed with arbitration").

---

[1] If Mr. Shayanifar is correct in his allegation that he was employed by NTI and federal and state employment discrimination statutes are implicated, there is a third requirement under First Circuit law: that the agreement to arbitrate would be appropriate under the particular federal statutory framework. *See Gove,* 824 F. Supp. 2d at 209 n. 2 (citing *Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 58-59 (1st Cir. 2007)). Mr. Shayanifar's employment discrimination claims would pass that test. *Rosenberg*, 170 F.3d at 7-12.
    A further inquiry under 9 U.S.C. § 3 is that the party seeking arbitration not have waived the right to compel arbitration. *Combined Energies,* 514 F.3d at 171. There is no suggestion of waiver here.

Accordingly the Court hereby ORDERS Mr. Shayanifar and Northeast Technical Institute to proceed with arbitration of the dispute set forth in Moshen Shayanifar's Complaint.

The sole remaining question is whether the Court should stay this action or dismiss it without prejudice.  Here, absent any suggestion of prejudice to the parties from a dismissal without prejudice, the Court elects to dismiss the Complaint without prejudice so that the parties may resolve their dispute through the arbitration and return to the Court, if necessary, once the arbitration proceeding has been resolved.

### III.   CONCLUSION

The Court GRANTS Defendant Northeast Technical Institute's Motion to Compel Arbitration and its Motion to Dismiss Mr. Shayanifar's Complaint without prejudice (ECF No. 8).

SO ORDERED.

        <u>John A. Woodcock, Jr.</u>
        JOHN A. WOODCOCK, JR.
        CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th of November, 2012